UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALEXSANDR ZATEEV,

Petitioner,

v.

JEFFREY LYNCH ET AL.,

Respondents.

No. 1:26-cv-05086-DAD-CKD (HC)

ORDER GRANTING IN PART PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT

(Doc. Nos. 1, 2)

On July 2, 2026, petitioner, proceeding through counsel, filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"), as well as a motion for a temporary restraining order ("TRO"). (Doc. Nos. 1, 2.)  Therein, petitioner alleges that he was released on his own recognizance in July 2022, after entering the United States, and on June 27, 2026, ICE re-detained him after a routine check-in with immigration authorities.  (*Id.*)  Petitioner seeks immediate release.  (Doc. No. 1 at 19; Doc. No. 2 at 2.)  Petitioner also states that he is seeking asylum in the United States.  (Doc. No. 1 at 7.)

On July 2, 2026, the court issued an order setting a briefing schedule as to petitioner's motion for a TRO and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this

1

court has decided.  (Doc. No. 4.)  In that same order, the court directed that if respondents opposed the court ruling on the underlying petition based on the current briefing before it, respondents were to so indicate in the opposition and provide substantive reasons in support of that position.  (*Id.*)

On July 6, 2026, respondents filed a combined two-page response to the *habeas* petition and opposition to the motion for a TRO.  (Doc. No. 7.)  Therein, respondents argue that petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2) (Doc. No. 7 at 2), an argument which the undersigned has rejected on several prior occasions.  *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026).  Respondents concede that there does not appear to be material differences between this case and most of those cited in the court's July 2, 2026 order.  (Doc. No. 7 at 2.)  Respondents have not disputed any of the facts that petitioner alleged in his petition, nor have they argued that petitioner is a danger to the community or a flight risk.  Finally, respondents state that they have no objection to the court ruling on the underlying *habeas* petition based on the current briefing, and the court will do so.[1]

Considering the evidence that petitioner was previously released, the court incorporates and adopts the reasoning set forth in its prior order *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), in which the court concluded that the petitioner's prior release by immigration authorities created a liberty interest in his continued release and that his re-detention absent a pre-deprivation hearing violated due process. Accordingly, the court will grant petitioner's *habeas* petition.

For the reasons explained above,

1.      Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED IN PART as follows:

a.      Respondents are ORDERED to immediately release petitioner Alexsandr Zateev, A-File No. 241-684-020, from respondents' custody on the same

/////

---

[1]  The court notes that petitioner filed a reply brief in support of his motion for a TRO also on July 6, 2026.  (Doc. No. 8.)

Terms and conditions he was subject to prior to his re-detention on or about June 27, 2026;

   b.   Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-deprivation bond hearing before an immigration judge at which hearing the government shall bear the burden of justifying petitioner's detention by clear and convincing evidence that he is a flight risk or a danger to the community;

   c.   Petitioner's request for attorney's fees and costs is DENIED without prejudice to bringing a properly noticed and supported motion;

2.   Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting him *habeas* relief;

3.   The Clerk of the Court is directed to serve a copy of this order on the warden of the Central Valley Annex; and

4.   The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated:   **July 8, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3